■ In the Matter of LUPE MCCANN, Petitioner, v H. CARL MCCALL, as Comptroller of the State of New York, Respondent. [699 NYS2d 782] —Mercure, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for ordinary disability retirement benefit.

Petitioner, who was employed as a community mental health nurse, stopped working in May 1995 and filed an application for disability retirement benefits based upon her Parkinson's disease, which was originally diagnosed in 1990. After her application was disapproved on the ground that she is not permanently incapacitated for the performance of her duties, petitioner sought a hearing and redetermination. Based upon the evidence adduced at the hearing, respondent found that petitioner is not permanently incapacitated for the performance of her duties and denied her application. Petitioner thereafter commenced this CPLR article 78 proceeding to review respondent's determination.

There is substantial evidence to support respondent's determination. Chandra Sharma, a board-certified neurologist, examined petitioner and testified on behalf of the State and Local Employees' Retirement System. Finding no clinical signs of Parkinson's disease, Sharma concluded that petitioner's complaints were attributable mainly to depression, which is treatable, and that petitioner was not incapacitated from the performance of her duties. Although Sharma's December 1995 report acknowledges that petitioner may have a mild degree of Parkinson's disease, the report concludes that in the absence of any clinical signs of the disease, petitioner's main problem is depression and she is able to continue her usual occupation. The contrary testimony of petitioner's medical expert created a credibility issue for respondent to resolve (see, Matter of Mayo v McCall, 253 AD2d 977).

Petitioner contends that respondent's reliance on Sharma's opinion is irrational because the single, brief examination conducted by him was insufficient in light of the changeable nature of Parkinson's disease and the medication taken by petitioner. The record establishes, however, that Sharma acknowledged both the changeable nature of the disease and the "masking" effect of medication, but was of the opinion that the absence of any clinical signs during his examination established that petitioner did not suffer from Parkinson's dis-

ease or that she had such a mild degree of the disease that it did not incapacitate her from performing her job. Petitioner also claims that Sharma misapprehended the exact nature of petitioner's job, but any such misapprehension was resolved by the hypothetical question posed at the hearing by counsel for the Retirement System. We have considered petitioner's remaining arguments regarding evidentiary rulings at the hearing and find them insufficient to warrant judicial intervention. The determination is, therefore, confirmed.

Crew III, Spain, Carpinello and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.